# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

KEVIN JOHNSON,

      Plaintiff,

  v.

C. PETERS, Director, Oregon Department
of Corrections; KEVIN FOLEY, Warden,
William P. Clements Unit; DARRYL
GLENN, Access to Courts Supervisor,

      Defendants.

Case No. 3:17-cv-00460-AA

ORDER

---

AIKEN, District Judge:

    Plaintiff, currently an inmate at a Florida correctional institution, filed this action pursuant to 42 U.S.C. § 1983 and paid the filing fee. In light of his incarcerated status, the court issued Waiver of Service forms to defendants. Defendant C. Peters returned an executed waiver form. Defendants Foley and Glenn, both correctional officials in Texas, have not returned an executed waiver of service.

    Defendant Peters now moves for dismissal of this action on grounds that plaintiff's claims against her are barred by the statute of limitations and she was not personally involved in the alleged conduct taken against plaintiff. The motion is granted.

1 - ORDER

Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that in June 2013, defendant Peters and other unnamed Oregon correctional officials conspired to transfer him to a Texas correctional facility in retaliation for filing grievances and publishing numerous articles critical of the Oregon Department of Corrections (ODOC). Plaintiff further alleges that he wrote to Peters and "her colleagues" and requested "access to various court rules, rulings and other laws governing civil proceedings in Oregon's state and federal courts" in order to file a claim alleging retaliatory transfer and other unidentified claims. Compl. at 2 (ECF No. 2). Peters did not respond, and plaintiff alleges that her failure to provide legal resources denied him access to the courts.

I find that plaintiff's claims against Peters are barred by the applicable two-year statute of limitations, because any conduct giving rise to liability occurred more than two years before plaintiff filed suit. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (Oregon's two-year statute of limitations for personal injury actions applies to § 1983 actions). Plaintiff concedes that he was transferred from ODOC custody in June 2013, more than two years before he filed suit in March 2017. To the extent he claims that Peters failed to respond to his requests for legal

resources after his transfer to Texas, plaintiff does not explain why he did not seek legal materials from the Texas institution where he was housed. Regardless, the limitations period for plaintiff's claims against Peters began to run in June 2013, when plaintiff was transferred from ODOC custody, and expired two years later in June 2015. Accordingly, plaintiff's claims against Peters are untimely.

As a result, plaintiff's remaining claim against Texas correctional officials lacks merit and must be dismissed for failure to state a claim. Plaintiff alleges that in November 2016, he filed suit in this Court alleging the same claims as he alleges in this action: that Peters denied him access to the courts by failing to respond to his requests for legal materials. Compl. at 2-3; *see also Johnson v. Peters*, Civ. No. 3:16-cv-02198-TC (Nov. 21, 2016). When plaintiff filed suit in November 2016, he did not pay the filing fee and instead sought to proceed in forma pauperis. However, plaintiff did not provide a certification of his inmate trust account, and he was ordered to do so. *See* 28 U.S.C. § 1915(a)(2). Plaintiff contends that shortly afterward, the Texas defendants confiscated his personal property, including the order directing plaintiff where to send the certification. Plaintiff alleges that he was unable to send the certification by the ordered deadline, and his November 2016 action was dismissed as a result. Accordingly, plaintiff asserts that the Texas officials denied him access to the courts by hindering his November 2016 action.

A claim alleging the denial of access to the courts must allege an actual injury by showing that the defendants' actions frustrated or impeded a "nonfrivolous legal claim." *Lewis v. Casey*, 518 U.S. 343, 353 (1996). Here, plaintiff's alleged injury is the dismissal of his November 2016 case alleging the same claims against Peters that he alleges in this case. As explained above, the limitations period for plaintiff's claims against Peters expired in June 2015, two years after his transfer from ODOC custody. Accordingly, plaintiff's November 2016 suit

was likewise untimely, and plaintiff cannot show an actual injury arising from the Texas defendants' confiscation of his personal property.

Finally, plaintiff alleges in a "Motion for Contempt" that the named Texas officials and non-party Florida correctional officials interfered with his ability to pursue this case by confiscating his property and transferring him to Florida. (ECF No. 14) However, the Florida officials are not named as defendants in this action, venue is not appropriate in this District, and plaintiff cannot sustain a claim against them or the Texas officials in any event. As explained above, plaintiff's claim against Peters is untimely and he cannot establish an actual injury based related to this litigation.

To the extent plaintiff contends that the conduct of Texas and Florida correctional officials hindered plaintiff's access to the courts with respect to other litigation, plaintiff should file a separate suit in the district(s) where the alleged actions occurred. 28 U.S.C. § 1391(b)(2) (providing that a civil action may be brought in the judicial district "in which a substantial part of the events or omissions giving to the claim occurred").

<u>CONCLUSION</u>

Defendant Peters's Motion to Dismiss (ECF No. 18) is GRANTED, and this case is dismissed.

IT IS SO ORDERED.

DATED this 16th day of January, 2018.

_____
Ann Aiken
United States District Judge

4 - ORDER